# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JORGE L. RODRIGUEZ AND
LUIS MERCADO

    Plaintiffs

       v.

UNITED STATES OF AMERICA

    Defendant

CIVIL NO. 98-2441 (PG)

RECEIVED & FILED
1999 AUG 31  PM 6:2
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN

**OPINION AND ORDER**

This action was brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. Plaintiffs, Jorge L. Rodríguez and Luis Mercado claim that due to a co-worker's false accusations they were subjected to grievances and investigations that affected their reputations. Plaintiffs further allege that after two years of investigations they were cleared of any wrong-doing.

Defendant has requested the dismissal of the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The Court will address the defendant's claim that this Court lacks subject matter jurisdiction to entertain plaintiffs' claim. To survive a motion to dismiss the plaintiffs "must carry the burden of demonstrating the existence of federal jurisdiction." <u>Aversa v.United States</u>, 99 F.3d 1200, 1209 (1st Cir. 1996).

Plaintiffs allege that their claim satisfies the FTCA's requirements. We hold that the FTCA does not provide a basis for their asserted claim.



Civil No. 98-2441 (PG)
Page 2

The FTCA is the exclusive remedy for tort actions against a federal agency when no other statute provides relief. 28 U.S.C. 2679(a).

This District has constantly sustained that the Civil Service Reform Act (CSRA) 5 U.S.C. 7501, et seq. preempts an employee tort based claims under the FTCA. Martin v. Runyon, 14 F. Supp. 2d 174 (DPR 1998), Soto v. Runyon, 13 F. Supp. 2d 215 (DPR 1998). "No other federal scheme provides relief. Federal employees alleging employment-related torts subject to the CSRA may not bring actions under the Federal Tort Claims Act". Soto v. Runyon Id. At 224.

Plaintiffs have not provided factual allegations that could sustain an FTCA claim. To the contrary, their only allegations are to the effect that they were subjected to an Equal Employment Opportunity complaint, that the "accusations" to which they were submitted affected their reputations and that after two years of investigations they were cleared of all violations. These are all employment controversies not cognizable under the FTCA realm.

Therefore, dismissal under Rule 12(b)(1) is warranted.

WHEREFORE, the Court grants defendant's motion to dismiss under Rule 12(b)(1) since plaintiffs have failed to carry the burden of demonstrating federal jurisdiction.

IT IS SO ORDERED.

San Juan, Puerto Rico, August 26, 1999.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge